UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DYSON, INC.                                    CIVIL ACTION

VERSUS                                         NO: 07-9633

ORECK CORPORATION, *ET AL*.                    SECTION: R(4)


**ORDER AND REASONS**

Before the Court is the Oreck Defendants' Motion for Clarification, or in the Alternative, Reconsideration of Order on Dyson's Motion for Partial Summary Judgment. Oreck's motion is denied for the following reasons.

I.  **Relevant Procedural Background**

This case is the third action in the past four years between Oreck and Dyson. In the first action, *Oreck Holdings, LLC v. Dyson, Inc.*, No. 05-361, Oreck alleged that Dyson's "no loss of suction" advertisement was false advertising under the Lanham Act. Dyson brought a number of false advertising counterclaims against Oreck, (05-361, R. Doc. 15), and the parties filed cross-motions for summary judgment. Before the motions were heard, the parties settled, and the Court dismissed the action with prejudice on January 10, 2007. (05-361, R. Doc. 148.)

Pertinent to this motion, the parties entered into a settlement agreement containing the following provision governing future advertising:

1.  *Future Advertising*

    a.  The parties shall be free to use, at their election, the advertising claims that are being made by either party as of the Effective Date for the products existing in the United States marketplace as of the Effective Date, without incurring any further liability to each other. This provision shall also apply to, and allow such advertising by, (i) distributors, (ii) retailers and (iii) affiliates.

    b.  For a period of one year after the Effective Date, neither Dyson nor Oreck, in any visual element of its advertisements, shall use or feature the vacuums of the other in connection with any claim that either product is unsanitary, dirty, unhealthy, or the like.

(Dyson's Ex. 1.) Four months after the settlement, Oreck sued Dyson for false advertising with regard to its newest model, the DC18. (07-2744, Complaint, R. Doc. 1.) Oreck again claimed that Dyson's "no loss of suction" claim was false advertising, and the Court issued summary judgment on *res judicata* grounds. (07-2744, R. Doc. 42.)

Dyson filed the present suit against Oreck Corporation; Oreck Direct, LLC; Oreck Merchandising, LLC; Oreck Sales, LLC;

Oreck HomeCare LLC; and Oreck@Home, LLC (collectively known as "Oreck") on December 18, 2007. The complaint alleges that Oreck's new advertising campaign directly attacking Dyson violates the Lanham Act, the Louisiana Unfair Trade Practices Act and the terms of the settlement agreement.[1] On May 12, 2009, Dyson moved for partial summary judgment. One of Dyson's arguments was that Oreck's long-form XL 21 commercial violated the settlement agreement's prohibition against the "use or feature" of a Dyson vacuum "in any visual element of [Oreck's] advertisements . . . in connection with any claim that [the Dyson] is unsanitary, dirty, unhealthy, or the like."[2] (*See* R. Doc. 111-2 at 5-9.) Dyson focused on a particular 15-second spot depicting a Dyson and asserting, among other things, that bagless vacuums "spew dust and germs into the air you breathe." (UPR1-Clip, R. Doc. 111-4, Ex. 10.)

In response, Oreck argued that the long-form XL 21 commercial "did not 'use or feature' a Dyson in a potentially offending way." (R. Doc. 127-1 at 11). Oreck focused on the

---

[1] The Court observes that Dyson has recently conceded that it is not bringing Lanham Act and Louisiana Unfair Trade Practices Act claims based on the XL 21 commercials. (*See* R. Doc. 228-1 at 2.)

[2] This is the only relevant aspect of Dyson's motion for partial summary judgment because Oreck seeks only clarification or, in the alterative, reconsideration with respect to the Court's resolution of this claim.

arguably brief amount of time that the Dyson was shown in the commercial. Oreck also argued that its claim about bagless vacuums spewing dust and germs into the air was "directed at the entire field of bagless vacuums, not the Dyson specifically." (*Id.*) Oreck did not state in its response whether a dust cup depicted toward the end of the spot was part of a Dyson or some other bagless vacuum.

The Court issued an order on August 14, 2009 granting in part and denying in part Dyson's motion for partial summary judgment. (*See* R. Doc. 189.) The Court held that no reasonable juror could find that the spot does not "feature a Dyson in connection with a claim that the vacuum is dirty." (R. Doc. 189 at 13-14.) The Court accordingly held that the long-form XL 21 commercial violated section 1(b) of the settlement agreement and granted Dyson's motion for summary judgment as it pertained to Oreck's long-form XL 21 commercial. (*Id.*) Oreck now seeks clarification or, in the alterative, reconsideration of only this aspect of the August 14 Order.

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Fed. R. Civ. P. 54(b). As Rule 54 recognizes, a district court "possesses the inherent procedural power to

4

reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Although the district court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc), it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See generally* 18b Charles A. Wright et al., Fed. Prac. & Proc. Juris. § 4478.1 (2d ed. 2002).

The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[3] Although there may be circumstances in which a different standard would be appropriate, *see, e.g.*, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-16 (4th Cir. 2003), the present motion does not present them. The proper inquiry is therefore whether the moving party has "clearly

---

[3] *See, e.g.*, *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

establish[ed] either a manifest error of law or fact or

. . . present[ed] newly discovered evidence." *Ross v. Marshall*,

426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United

States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to

reconsider is "not the proper vehicle for rehashing evidence,

legal theories, or arguments that could have been offered or

raised before the entry of [the order]." *Templet v. HydroChem

Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

## III. Analysis

Oreck does not offer any new evidence in support of its

motion. Oreck instead argues that the Court made an error of

fact in describing the spot and that this error warrants

revisiting the August 14 Order.

Oreck asserts that "[a]s a matter of fact, the Dyson is **not**

displayed visually when the statement regarding the spewing of

dust is made in the XL21 long-form infomercial." (R. Doc. 215-3

at 3.) Oreck's point appears to be that at the precise moment

when the "offensive statement is made" (*i.e.*, the statement that

bagless vacuums can spew "dust and germs into the air you

breathe"), "the dust cup shown pertains to another manufacturer's

vacuum, likely a Hoover or Bissell, but in any event **not** a

Dyson." (*Id.* at 3-4.)

Even if Oreck's frame-by-frame characterization of the spot

6

were factually accurate,[4] this would not change the Court's decision. The spot prominently depicts a Dyson in a three vacuum line-up and in actual operation immediately before the depiction of a dust cup spewing dust into the air. No visual cue alerts the viewer that the clear plastic dust cup is not part of the Dyson that appears moments before (and Oreck has not provided any evidence that it is not in fact). The unbroken narration of the voice-over also logically connects the visual depiction of the Dyson (in operation under a coffee table) to the dust cup (now full of dust) spewing "dust and germs into the air you breathe." (*See* UPR1-Clip, R. Doc. 111-4, Ex. 10.) That the particular dust cup in the spot may or may not be a Dyson dust cup is beside the point. In the mind of any reasonable viewer, the spot features a Dyson in connection with a claim that it is unsanitary, dirty and unhealthy.[5]

The Court finally notes that its holding today is consistent with its order of March 4, 2009. In the March 4 Order, the Court observed that an Oreck commercial depicting a *Hoover* vacuum and

---

[4] Oreck has not submitted any evidence or an affidavit supporting its assertion that the dust cup is not part of a Dyson vacuum.

[5] Oreck itself suggests that the word "connection" should be considered as a "logical relation or sequence; contextual relation or association." (R. Doc. 127-1 at 8.) No reasonable juror could find that the images of the Dyson in the first and second segments are not logically related to the image of the dust cup spewing "dust and germs" in the third segment.

implying that all bagless vacuums were similarly messy did not violate the parties' settlement agreement. (R. Doc. 89 at 12) Here, the spot prominently features a *Dyson* in both the three vacuum line-up and in the coffee table segments. The spot therefore constitutes a "specific" as opposed to a "generic" attack on Dyson's vacuum. (*Id.*)

In sum, Oreck has failed to demonstrate that this Court's August 14 Order should be altered. Oreck's motion for clarification or reconsideration must be denied.

**IV. Conclusion**

Dyson's Motion for Clarification, or in the Alternative, Reconsideration of Order on Dyson's Motion for Partial Summary Judgment is DENIED for the reasons stated.

New Orleans, Louisiana, this 2nd day of September, 2009.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE