UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DYSON, INC.                                    CIVIL ACTION

VERSUS                                         NO: 07-9633

ORECK CORPORATION, *ET AL.*                    SECTION: R(4)


**ORDER**

Before the Court is Dyson, Inc.'s objection to Magistrate Judge Roby's order denying Dyson's motion to compel responses to interrogatories regarding Oreck's Dare to Compare Campaign. (*See* R. Docs. 239, 258, 268.) After reviewing Magistrate Judge Roby's order, the record, the applicable law, and Dyson's objection, the Court finds that the order was not clearly erroneous or contrary to law and therefore overrules Dyson's objection.

Under Rule 72 of the Federal Rules of Civil Procedure, the district court, in considering objections to a pretrial discovery ruling by the magistrate judge, shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (same). "A finding of fact is clearly erroneous when, even though there may be evidence to support the finding, the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bolding v. Commissioner of Internal Revenue*, 117 F.3d 270, 273 (5th Cir. 1997).

Upon reviewing the record and the magistrate judge's order, the Court does not find that the magistrate judge's factual findings are clearly erroneous or that she committed any errors of law. Dyson's interrogatory requests were not reasonably calculated to be completed by the discovery deadline and are therefore untimely. Pursuant to the Court's second scheduling order, "all discovery *shall be completed* no later than August 4, 2009." (R. Doc. 64 (emphasis added).) This date was later extended by joint-motion to August 19, 2009. (*See* R. Doc. 108.) Dyson knew as of at least February 2009 that the subject of the disputed interrogatories was relevant to its case. (*See* R. Doc. 239 at 20:11-24.) Yet Dyson delayed propounding its interrogatories for nearly five months until July 15, 2009. (*See id.* at 19:1.) This meant that Oreck's responses were not due until August 18, 2009, and Dyson's motion to compel was not filed until the day of the extended discovery deadline. (*See id.* at 19:8-12.) Dyson has not demonstrated good cause for why it did not pursue this broad discovery at an earlier date that would not have conflicted with the close of discovery and final pretrial preparations. In light of the rapidly approaching trial date (which has already been continued) and the ample opportunity Dyson had to pursue its interrogatories, the magistrate judge properly denied Dyson's motion to compel. *See Johnson v. Big Lots Stores*, 253 F.R.D. 381, 395 (E.D. La. May 7, 2008); *see also*

*Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (district court has broad discretion to "preserve the integrity and purpose of the pretrial order."); *Hyatt v. State Farm Ins. Co.*, Civ. A. No. 06-8792, 2008 WL 818965, at *2 (E.D. La. Mar. 25, 2008). Accordingly the Court AFFIRMS the decision of Magistrate Judge Roby.

New Orleans, Louisiana, this 9th day of October, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE